James Edward WILLIAMS *v.* STATE of Arkansas

CR 88-164                                        768 S.W.2d 539

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Gibbons & Walker*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

Steele Hays, Justice. Appellant James Williams was

convicted of aggravated robbery and rape. The only question on appeal is the sufficiency of the evidence.

The crimes occurred in the early morning hours of December 2, 1986, at the Best Western-King's Inn in Russellville, Arkansas. Betty Lindsey was working the 11:00 p.m. to 7:00 a.m. shift as a desk clerk when she was approached by a man holding what appeared to be a pistol, but which was in fact a visegrip partially concealed in a cloth bag so as to look like a weapon. He demanded she give him money from the cash register and then pushed her into a back room where he tied her hands with wire and raped her.

After hearing of the robbery and rape, two other women employed as night clerks at neighboring motels came forward with information that they had been approached by a man around the time of the incident at Best Western-King. Their description of the man was similar to that given by the victim. In both cases the man had inquired about the price of a room and after a short discussion of the matter, had departed.

About two months later, on February 10, 1987, the three women were shown a photographic lineup which included a picture of the appellant, James Williams. All three identified the photograph of appellant as the man who had approached them on the night in question.

There was a motion filed to suppress the in-court and out-of-court identification based on the photo lineup's suggestiveness but there is nothing in the record to show that the motion was ever ruled on. In fact, the motion seems to have been abandoned as there was no objection on that basis to the testimony at trial of the out-of-court identification nor to the in-court identification.

A trial was held on March 16, 1988. The jury found appellant guilty on both the charge of rape and the charge of aggravated robbery and imposed a sentence of forty years and life imprisonment. It is from that judgment that appellant brings this appeal.

Appellant argues that the trial court erred in denying his motion for a directed verdict, as there was insufficient evidence from which the jury could find appellant was the person who committed the crimes.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Glick* v. *State*, 275 Ark. 34, 627 S.W.2d 14 (1982). On appeal, we review the evidence in the light most favorable to the appellee and sustain the conviction if there is any substantial evidence to support it. *Wright* v. *State*, 288 Ark. 209, 703 S.W.2d 850 (1986). The evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture. *Birchett* v. *State*, 289 Ark. 16, 708 S.W.2d 625 (1986). We view only the evidence which is most favorable to the jury's verdict and do not weigh it against other conflicting proof favorable to the accused. *Ricketts* v. *State*, 292 Ark. 256, 729 S.W.2d 400 (1987).

The evidence in this case rests upon the credibility of the victim and the two other witnesses, and while there are some inconsistencies in the testimony, that is a matter of credibility for the jury to decide. *Burris* v. *State*, 291 Ark. 157, 722 S.W.2d 858 (1987); *Cope* v. *State*, 292 Ark. 291, 730 S.W.2d 242 (1987); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980). A jury may accept or reject any part of a witness's testimony and we are bound by the jury's conclusion. *Burris* v. *State*, *supra*. We have no right to disregard the testimony of a witness after the jury has given it full credence, at least where it cannot be said with assurance that it was inherently improbable, physically impossible or so clearly unbelievable that reasonable minds could not differ thereon. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W.2d 345 (1980).

We find the discrepancies in the testimony in this case are not of a nature that we could say with any assurance the evidence was inherently improbable or physically impossible. This is so particularly in light of the fact that all three women were positive and unequivocal in their identification of the appellant.

It seems clear that the perpetrator of the crime was the same man who visited the three motels. The man was in each motel within a three hour period on the same night, and all motels were in close proximity to each other. All three clerks described a black man with a stubbly beard, similar clothes, and the same approach — an inquiry about a room followed by a brief conversation with the desk clerk.

The three women identified the appellant in a photo lineup

shown to them within about two months of the incident. All three had an opportunity to view the appellant in good light and all three unequivocally identified him as the man they had seen that night. The victim identified appellant in the courtroom and stated she had no difficulty identifying him at this time, even with a heavier beard than he had had before. She said having the beard made no difference because she could not forget the eyes, or, "his whole face . . . everything about his face." She then stood next to appellant to judge his height and stated there was no question in her mind that he was the man.

Paula Crippen was one of the two clerks from the neighboring motels. She picked appellant out of the photo lineup and again in court. She also stated that the fact appellant now had a beard did not prevent her recognizing him, that it was the same man who had appeared in the motel that night and the same man she had selected from the photo lineup.

Linda Foster was the other clerk. She, too, identified appellant in the photo lineup and in court. She said there was no doubt in her mind he was the same man who had been in her motel that night.

The discrepancies appellant points to are: 1) the victim's description of the perpetrator to the police as being several inches shorter than his actual height; 2) the witnesses' failure to mention a scar over the appellant's eye; 3) the victim's notation in her description to police that appellant had splotches of pigment on his face, like freckles, which she said were not there when she viewed him at trial.

As pointed out by the state, the failure of a rape victim to accurately assess the height of a rapist could not be found to be particularly surprising considering the circumstances under which that assessment is made. And when it is considered that other features of appellant, including his clothing, beard and eyes were described by the other witnesses as well as the victim, the height discrepancy is of minimal importance.

While the victim had not mentioned the scar at the time she gave her description of the assailant to the police, when she was questioned about it on the stand, she stated she had nevertheless remembered it. As to the splotches, they may have

been attributable to lighting at the time, or the fact that appellant had since grown a fuller beard and the spots were not visible at trial. Whatever the explanations, the discrepancies were not of a sort to make the testimony inherently improbable and the evidence was more than sufficient to support the conviction.

The judgment is affirmed.