Andrew SHAW *v.* STATE of Arkansas

CR 89-4                                                   773 S.W.2d 827

Supreme Court of Arkansas
Opinion delivered July 10, 1989

476

*Margulis & Grant, P.C.,* by: *Arthur S. Margulis* and *T. Patrick Deaton; and John Wesley Hall, Jr.,* for appellant.

*Steve Clark,* Att'y Gen., by: *Clint Miller,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant, Andrew Shaw, was charged and convicted of several offenses, all stemming from his

actions in avoiding apprehension by the police over a two-day period in May, 1988. From those convictions appellant brings this appeal, arguing six points for reversal.

The events began on Monday May 16, in Harrison, Arkansas, when Officer Rick Riggs of the Harrison Police Department attempted to stop appellant for questioning on possession of stolen goods. Appellant ran from his car and eluded police. The police recovered a pistol from appellant's car where they also found appellant's girlfriend and her three small children.

Appellant continued on foot until he commandeered a car and drove to Missouri. He returned to Harrison the next day, to pick up his girlfriend. As they were leaving Harrison, they were seen by Officer Brian Snavely who noticed appellant's taillight was broken and that his license tags were not visible. Snavely put on his blue light and appellant brought his car to a stop at the side of the road. Snavely got out and as he approached appellant's car, appellant fired at him with a sawed-off shotgun, seriously injuring Snavely.

Appellant immediately left Harrison and, en route to Missouri, abandoned the car he was driving for a pickup truck he found with keys in it. He continued to drive toward Carroll County, about seventeen miles from Harrison, with the police in pursuit. About four miles into Carroll County, appellant encountered a roadblock. He tried to run the roadblock and in doing so Officer Dwyer was injured as he was hit by a patrol car. Police arrested appellant the next day in Carroll County and appellant was then returned to Harrison.

Appellant's trial began on September 1, 1988. He was convicted and received sentences totalling seventy-three years for the offenses of 1) attempted capital murder, 45 years; 2) felony fleeing, six years; 3) possession of a firearm by a felon, two counts, six years each; 4) theft of property, ten years; 5) unauthorized use of a vehicle, one year; and 6) misdemeanor fleeing, thirty days.

■ Appellant first argues that neither his waiver of *Miranda* rights nor his confession was voluntary. There is no merit to either contention. Custodial statements are presumed to be involuntary and the state has the burden of proving otherwise. This court makes an independent review of the totality of the

circumstances and will reverse only if the trial court's finding is clearly against the preponderance of the evidence. *Fleming* v. *State,* 284 Ark. 307, 681 S.W.2d 390 (1984). The credibility of the witnesses who testify to the circumstances surrounding the defendant's custodial statement is for the trial court to determine. *Smith* v. *State,* 286 Ark 247, 691 S.W.2d 154 (1985).

■ The factors to consider for both the voluntariness of the waiver and the statement are essentially the same. They include: age, education and intelligence of the accused, length of detention, repeated or prolonged questioning, the use of mental or physical punishment, and the advice or lack of advice of constitutional rights. *See Scherrer* v. *State,* 294 Ark. 227, 742 S.W.2d 877 (1988); *Hatley* v. *State,* 289 Ark. 130, 709 S.W.2d 812 (1986).

In this case, the only contention appellant makes as to any deficiency in the waiver and statement process is that because of his flight, he was "tired and weakened" and "almost delirious" and this was sufficient to render both the waiver and the statement involuntary. Appellant's argument is conclusory only and cites to no authority that this is a sufficient basis to render the confession involuntary. Neither are there any facts in the record to support such a claim. Appellant made no statement at the suppression hearing that his condition in any way made the confession unknowing or involuntary.

Appellant had been eluding the police from Monday, May 16th until he was picked up about 4:00 a.m. on the 18th, however, he had eaten and slept intermittently. His statement was taken within three hours from the time he was picked up and prior to taking a statement, appellant's rights were given to him. After his rights were read, the following exchange occurred:

Appellant: Yeah, I understand them right.

Officer: And that you wish to waive them at this point?

Appellant: Yeah, I wish to waive them, you know the deal.

Appellant then gave a statement to police that was detailed and thorough.

■ At the suppression hearing, in addition to noting that he was quite tired during the time he gave his statement to the police,

appellant also stated that he remembered little of the events and could not remember waiving or signing his rights form. In a similar case, *Hunes* v. *State*, 274 Ark. 268, 623 S.W.2d 835 (1981), the appellant claimed he had taken drugs prior to the time he was interrogated and was unable to remember being questioned or signing the confession. We found the state's evidence was that the appellant appeared to be lucid and understood his rights and it was for the trial court to weigh the evidence and resolve the credibility of the witnesses. So it is in this case, and we find no basis for error.

■ Appellant also argues that the trial court erred by making an express finding only as to the voluntariness of the waiver and by failing to make a clear finding on the voluntariness of the confession, citing *Simms* v. *Georgia*, 385 U.S. 538 (1967). Appellant however, made no objection at the time the trial court made its ruling nor was there any request for further clarification. Failing that, the issue is precluded from review on appeal. *Stephens* v. *State*, 293 Ark. 366, 738 S.W.2d 91 (1987); *Shelton* v. *State*, 271 Ark. 342, 609 S.W.2d 12 (1980).

■ Appellant next argues that the trial court erred in denying appellant's motion to dismiss the felony fleeing charge on the basis that it had no jurisdiction of the offense. Appellant implicitly conceded at the hearing that the felony flight charge began in Boone County. He points out, however, that the injury to Officer Dwyer, which injury raised the offense to a felony, *see* Ark. Code Ann. § 5-54-125(c)(3) (1987), occurred in Carroll County. Therefore, he argues, as the offense was not complete until the injury in Carroll County, the trial for that offense must be held in that county and Boone County was without jurisdiction. Appellant cites to Art. 2, § 10 of the Arkansas Constitution which provides that the accused is entitled to a trial by jury in "the county in which the crime shall have been committed." The argument is summarily dispensed with by Ark. Code Ann. § 16-88-108(c) (1987):

> Where the offense is committed partly in one county and partly in another, or the acts, or effects thereof, requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county.

■ Appellant also argues that the trial court erred in its

instructions to the jury on the two separate counts of fleeing. He maintains his rights against double jeopardy were violated, contending first that he could only be charged with one continuous act of fleeing, not two, under Ark. Code Ann. § 5-54-125, and second, that the instructions were not sufficiently clear to allow the jury to know which instruction should be applicable to appellant's flight. However, appellant made no objections to the instructions, and his only objection to either of the fleeing charges was to the felony charge on the jurisdictional argument just discussed. To preserve the point for appeal, appellant must have made a specific objection below, and he may not change those grounds on appeal. *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988).

Appellant next argues that the trial court erred in overruling his motion in limine on the admittance of evidence of other crimes, in violation of Rule A.R.E. 404. The other crimes appellant was concerned with were brought in by the admission of his confession in which he detailed the events of May 16, 17 and 18. In that recounting, he mentioned certain activities on his part that constituted crimes, but they were offenses for which he was not being prosecuted at this trial. The crimes appellant made reference to include: 1) receiving stolen property (a "hot" ring appellant was trying to pawn when he was in Harrison on May 16th); 2) that appellant was wanted by the Missouri police; 3) theft of license plates (appellant had broken into a home while he was on the run and had taken a few items of clothing and a little food); 4) smoking marijuana (at the end of his statement to police, appellant was protesting his innocence as to any premeditation in the shooting, stating that all he ever did was "smoke weed once in a while").

■ The appellant did not detail these specific crimes to the trial court in either his motion or at the hearing. What was given to the court at the hearing was the outline of the facts of the case, and the court decided the facts and context of the in limine objections would become clearer as the case progressed. The court decided to defer any ruling and stated:

> My inclination right now is to deny that. The Court doesn't have a firm grasp of the facts of this case, and rather than issue some sort of blanket order, as indicated by the motion

to limit, to some extent, I think this is going to be dealt with on an instance-by-instance basis.

However, when appellant's statement was introduced, there was no objection whatsoever from appellant. The trial court had been quite clear as to the action appellant needed to take and yet he did not act. In order to preserve an objection for review, a defendant must obtain a ruling from the trial court, *Richardson* v. *State*, 292 Ark. 140, 729 S.W.2d 189 (1987), and under the circumstances of this case, it required a contemporaneous objection to the admission, in addition to the motion in limine. Having failed to make a proper objection and obtain a ruling from the court, the argument is not subject to review.

As final point of error, appellant argues that the trial court erred in denying his directed verdict motion made at the end of the state's case with regard to the charge of attempted capital murder of Officer Snavely. Appellant contends on appeal that the state failed to prove he acted with premeditation and deliberation as required by Ark. Code Ann. § 5-10-101(a)(3) (1987).

Directed verdict motions are challenges to the sufficiency of the evidence, *Glick* v. *State*, 275 Ark. 43, 627 S.W.2d 14 (1982), and the trial court should grant a directed verdict motion where there is no evidence from which the jury could have found, without resorting to surmise and conjecture, the guilt of the defendant. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). In criminal cases, we will affirm where there is substantial evidence to support the verdict. *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978). Substantial evidence is defined as evidence which is of sufficient force that it will compel a conclusion one way or the other. The evidence must be more than mere suspicion or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). In determining whether there is substantial evidence to support a verdict, we review the evidence in the light most favorable to the appellee, *Pope* v. *State*, 262 Ark. 476, 557 S.W.2d 887 (1977), considering only the testimony which tends to support the guilty verdict. *Gardner* v. *State*, *supra*.

Premeditation and deliberation may be inferred from circumstantial evidence. *Garza* v. *State*, 293 Ark. 175, 735 S.W.2d 702 (1987). Premeditation and deliberation are not required to exist for any particular length of time and may in fact

be formed almost on the spur of the moment. *Garza* v. *State, supra.* They can be inferred from the circumstances of the case, such as the character of the weapon used, the manner in which it was used, the nature, extent and location of the wounds inflicted and the conduct of the accused. *Harris* v. *State,* 291 Ark. 504, 726 S.W.2d 267 (1987).

The appellant does not contest any part of the state's proof of his guilt on the charge but rather, makes a general, conclusory allegation that the jury would have to resort to speculation and conjecture. The facts, however, are otherwise. From the circumstances of the shooting, there was substantial evidence from which the jury could infer premeditation and deliberation. *See, e.g., Stout* v. *State,* 263 Ark. 355, 565 S.W.2d 23 (1978), where on similar facts we found sufficient evidence to support the jury's finding on this issue.

The judgment is affirmed.