Billy Joe HENSON *v.* STATE of Arkansas

CR 89-70                                            775 S.W.2d 896

Supreme Court of Arkansas
Opinion delivered September 18, 1989
[Rehearing denied October 30, 1989.*]

*Greene Law Offices*, by: *Bill Luppen*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. This is the second appeal in

---

*Dudley, J., not participating.

2

this case. In *Henson* v. *State*, 296 Ark. 472, 757 S.W.2d 560 (1988), we reversed the appellant's convictions for aggravated robbery and theft of property because the trial judge failed to give an instruction on the lesser included offense of robbery. On retrial, Henson was convicted of theft of property.

On appeal the appellant argues the trial court erred in not granting his motion for directed verdict because there was no substantial evidence to support his conviction for theft of property. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Hill* v. *State*, 299 Ark. 327, 773 S.W.2d 424 (1989). Substantial evidence is that which compels a conclusion one way or the other with reasonable certainty. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). There was sufficient evidence to support the appellant's conviction for theft.

The manager of the Sweden Creme testified that the appellant came to the Sweden Creme asking for directions to another business. He later found the appellant crouched down at the safe. The appellant jumped up and said, "You've caught me. Here's the money." He then put his hand in his jacket, and the manager thought he had a gun. Then the appellant fled. The manager testified that he knew there was between $700 and $800 in the money bag the appellant took from the safe because he had put that amount in the bag. The appellant argues the testimony was speculative in that the proof did not show over $200 was taken. We find the argument meritless.

Affirmed.

DUDLEY, J., not participating.