John Ameen ABDULLAH *v.* STATE of Arkansas

CR 89-136                                    783 S.W.2d 58

Supreme Court of Arkansas
Opinion delivered January 29, 1990

*Walker, Roaf, Campbell & Dunklin*, by: *Larry Dunklin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. The appellant appeals from his convictions of two counts of theft of property, attempted capital murder and aggravated robbery, which were the result of a robbery at the Show Biz Pizza Restaurant in North Little Rock. He was sentenced to life imprisonment on his aggravated robbery conviction and received sixty (60) years total on his other convictions. His sentences are to run consecutively. On appeal, the appellant argues that there is insufficient evidence to support his conviction for attempted capital murder, that he received ineffective assistance of counsel during the preliminary stages of his trial, and that the trial court erred in denying certain pretrial motions. We

find no error, and therefore affirm.

The appellant and an accomplice, Aulden Thomas, are charged with robbing Show Biz Pizza early in the morning on July 19, 1988. While the armed suspects waited almost two hours for the manager to arrive with the combination to the safe, they forced the employees, as they showed up for work, to lie face down in the storage room. When the manager, Cheryl Bolin, arrived, the men forced her at gun point to open the safe. After taking the money, they left in an employee's car, a blue Monte Carlo. While this robbery was taking place, the police had been called to investigate a car parked in a reserved parking place at Twin City Printing Company located next door. The keys were found in the car, and two holsters and a police scanner were on the floorboard. Upon further investigation, the police found a .357 magnum revolver. While this investigation was taking place, the police observed a blue Monte Carlo drive by slowly and turn around and drive back by. Officer Tanner became suspicious and followed the car in his vehicle. A police chase ensued, and the appellant and Thomas ended up wrecking the car and running on foot. The police officers chased after the armed suspects, and several shots were fired. The appellant and Thomas were finally cornered, arrested and taken to the North Little Rock police station.

Appellant first argues that there is insufficient evidence to support his conviction for attempted capital murder. Specifically, the appellant argues that the state did not prove that he fired his gun at the police officers involved in the chase. We disagree. According to the jury instructions, the appellant was charged with the offense of attempted capital murder for having the premeditated and deliberated purpose of causing the death of a law enforcement officer when that person was acting in the line of duty and with engaging in conduct that was a substantial step in a course of conduct intended to culminate the commission of the capital murder. *See* Ark. Code Ann. § 5-10-101(a)(3) (Supp. 1989); Ark. Code Ann. § 5-3-201(b) (1987).

In a challenge to the sufficiency of the evidence, this court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *See, e.g., Williams* v. *State,* 298 Ark. 484, 768 S.W.2d 539 (1989). Evidence is substantial if it is of sufficient

force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion or conjecture. *Id*. We need only to consider evidence in support of the conviction. *Id*.

In keeping with these tenets, we note that Officer Wright testified that he heard two shots and that Officer Tanner had informed him that the appellant had fired. Officer Mask, another policeman involved in the chase, testified that he heard one, possibly two shots exchanged between Thomas and Officer Tanner, but that he could not say for sure who fired them.[1] In addition, the officers' testimony shows that when the suspects were cornered, Thomas was found in a crouched position trying to inject a bullet into the chamber of his gun. Officer Mask also testified that he fired a round at the appellant when he saw him jump across a ditch and turn towards him, and that he heard another round fired also. All of the officers testified that they saw the appellant and his accomplice point their guns at them and that they heard shots being fired. In addition, Courtney Rhodes, who was standing thirty-five feet away from where the suspects abandoned their car, testified that he saw the two suspects exit the car with their guns, run thirty to fifty feet, and turn toward the police, as they began the chase. At this time, Rhodes stated he heard two shots. When the appellant's gun was recovered it had seven live rounds in the clip, but the gun had the capacity of eight live rounds. In Thomas's gun, two live rounds were jammed into the chamber.

While the appellant prefers to focus on the police officers' testimony that they could not say for sure who fired the shots they heard, we conclude that the above testimony is clearly sufficient to support the appellant's conviction of attempted capital murder. It is the jury's job to resolve any contradictions, conflicts and inconsistencies in a witness's testimony, and in doing so the jurors may believe the parts of his testimony they believe to be true and disregard those they believe to be false. *See Henderson* v. *State*, 255 Ark. 870, 503 S.W.2d 889 (1974).

---

[1] In pointing out this evidence, we note that the jury was instructed on accomplice liability. We have stated that there is no distinction between the criminal responsibility of an accomplice and the person who actually commits the crime. *Swaite* v. *State*, 272 Ark. 128, 612 S.W.2d 307 (1981).

In his second issue, the appellant argues that his two prior attorneys were ineffective during the pretrial hearings. The state contends that this argument can only be made by a separate petition for post-conviction relief. We agree. In *Whitmore* v. *State*, 299 Ark. 55, 771 S.W.2d 266 (1989), this court abolished A.R.Cr.P. Rule 37 effective July 1, 1989, and amended A.R.Cr.P. Rule 36.4 to provide that a defendant may assert his or her claim of ineffective assistance of counsel on direct appeal. In so doing, we noted that the persons who have been convicted and sentenced during the existence of Rule 37 may still proceed under that Rule. The appellant was sentenced on March 22, 1989 — over two months prior to our abolishing Rule 37 and amending Rule 36.4. We have stated that claims of ineffective assistance of counsel cannot be raised for the first time on appeal, but that a separate petition for post-conviction relief is the appropriate forum for such claims. *See Dokes* v. *State*, 299 Ark. 178, 772 S.W.2d 583 (1989); *Bishop* v. *State*, 294 Ark. 303, 742 S.W.2d 911 (1988). Since Rule 37 was still effective at the time of the appellant's sentencing, his claim of ineffective assistance of counsel must be brought under that Rule.

Lastly, the appellant argues that the trial court's denial of his motion for a continuance, his motion for the judge's recusal, and his motion for the suppression of a jacket and keys, found in the jacket's pocket, violated his sixth and fourteenth amendment rights. The appellant made a motion for a continuance on the day before trial so that he could locate two witnesses to testify that the car the police found in the Twin City Printing parking lot was broken down that day. After making the motion, the appellant told the trial judge that he did not know the address or phone numbers of the witnesses. In addition, the appellant fails to show how this testimony would help his case. The trial court held that there was no showing that these witnesses could be located if a continuance was granted. Whether to grant a continuance is addressed to the sound discretion of the trial court, and we will not reverse unless that discretion has been abused. *See, e.g., Parker* v. *State*, 292 Ark. 421, 731 S.W.2d 756 (1987). Under these circumstances, we cannot say that the trial court abused its discretion. Likewise, we find no merit in the appellant's motion for the trial judge recusal. In fact, from our review of the record, we believe that the trial judge showed both patience and

fairness in handling this case.

Finally, appellant argues a jacket, and keys to the stolen blue Monte Carlo, found in the jacket, should not have been admitted into evidence. Appellant was wearing the jacket at the time of his arrest. After his arrest, the jacket was found in the hallway outside the interrogation rooms. No one was able to explain how the jacket ended up in the hallway. When the appellant was being taken to the holding cell, a police officer asked him if it was his jacket. The appellant replied in the affirmative, and when the officer picked up the jacket to give it to the appellant he discovered the set of keys. At a pretrial hearing, the trial judge suppressed the appellant's statement showing ownership of the jacket, but the jacket and keys were allowed into evidence. The appellant asserts a "chain of custody" theory that basically suggests that someone placed the keys in the jacket between the time of appellant's arrest and when appellant was being taken to a holding cell. In doing so, the appellant suggests that the jacket and the keys were the only sufficient proof linking him to the robbery and the getaway vehicle. We find the appellant's argument meritless.

First of all, the appellant was photographed wearing the jacket at the time of his arrest, and was seen fleeing from the blue Monte Carlo. We have held that when an object is subject to positive identification the proof of chain of custody need not be conclusive. *White* v. *State*, 290 Ark. 130, 717 S.W.2d 784 (1986). Clearly, here the jacket and the keys were subject to positive identification.

Furthermore, even if we were to accept the appellant's argument that the jacket and the keys should have been suppressed, in view of the overwhelming evidence of the appellant's guilt, it would be harmless error. *See Jarreau* v. *State*, 291 Ark. 60, 722 S.W.2d 565 (1987). Such evidence includes testimony from witnesses that directly identify appellant as one of the robbers, and testimony from numerous police officers identifying the appellant as the person driving the stolen car during the police chase. In addition, evidence of the robbery was found in the stolen car immediately after the appellant and his accomplice abandoned it. In sum, the state's proof showing that the appellant committed the robbery and stole the car was overwhelming.

For the reasons stated above, we affirm. In accordance with Ark. Sup. Ct. R. 11(f), we reviewed all objections decided adversely to the appellant, and we find no error.