Austin E. SALLEY *v.* STATE of Arkansas

CR 90-116                                    796 S.W.2d 335

Supreme Court of Arkansas
Opinion delivered October 1, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Bret Qualls*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. The appellant was charged with burglary and attempt to commit capital felony murder. Following a jury trial, he was convicted and sentenced as an habitual criminal to 60 years imprisonment. From that conviction and sentence, this appeal is taken. (The appellant was also sentenced to 10 years on the burglary charge, but that conviction and sentence is not an issue on this appeal.)

For reversal, the appellant first contends that the evidence is insufficient to sustain a conviction for attempted capital murder, and, second, that the trial court committed reversible error by permitting police officers to give "opinion" testimony. We find no reversible error and affirm.

An uninvolved third party observed the appellant and another person in an alley. Their conduct, appearing suspicious, prompted the third party to call the Little Rock police. When the police arrived, the informant pointed out the two individuals who were some distance down the street. The officers, in their patrol car, approached the suspects. Upon arrival, Officer Jeffrey Yant

got out of the vehicle and directed the two individuals — one of whom he recognized as Austin Salley, the appellant — to move up against a nearby wall. Salley then reached inside his pants, produced a handgun, and pointed it at Officer Yant. He fired once, missing the officer. Yant took evasive action by diving backwards and rolling to the ground. While Yant was on the ground, the appellant fired two more shots at him, neither of which hit the mark. Salley then ran away, with Officer James Lesher in pursuit. The appellant fired once more at Officer Lesher, with the officer returning fire, none of the shots hitting either party. Salley, who had been recognized, was subsequently arrested, charged, and tried.

The appellant first contends that the state failed to produce any evidence that he acted with premeditation and deliberation in attempting to kill Officer Yant, and was thus entitled to a directed verdict on the attempted capital murder charge.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Henson* v. *State*, 300 Ark. 1, 775 S.W.2d 896 (1989). In a challenge to the sufficiency of the evidence, the Supreme Court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989). In reviewing the sufficiency of the evidence, the Supreme Court need only consider evidence in support of the conviction. *Id.*

Under Ark. Code Ann. §§ 5-3-201 (1987) and 5-10-101 (Supp. 1989), premeditation and deliberation constitute the necessary mental state for the commission of attempted capital murder. Premeditation and deliberation may be inferred from circumstantial evidence. *Shaw* v. *State*, 299 Ark. 474, 773 S.W.2d 827 (1989). Premeditation and deliberation need not exist for any particular length of time and indeed may be formed almost on the spur of the moment. *Id.*; *Garza* v. *State*, 293 Ark. 175, 735 S.W.2d 702 (1987). These elements may also be inferred from the circumstances of the case, such as the character of the weapon used, the manner in which it was used, and the

conduct of the accused under all of the circumstances existing. *Harris* v. *State*, 291 Ark. 504, 726 S.W.2d 267 (1987).

The circumstances in the present case are similar to those in *Shaw* v. *State* and *Stout* v. *State*, 263 Ark. 355, 565 S.W.2d 23 (1978), cases involving convictions for attempted capital felony murder of policemen. The chief distinction between those cases and the appellant's case is the fact that here the officer was not wounded, while in *Shaw* and *Stout*, the officers were seriously injured. Otherwise, the situations are comparable involving attempts by police to stop and question persons engaged in suspicious behavior. In all three cases there was testimony that the accused pointed guns at the officers and fired. Here the appellant fired a total of three shots at Officer Yant.

From the circumstances of the shooting, where the appellant had time in which to decide to fire two additional shots at the policeman — to say nothing of an extra shot discharged in the direction of Yant's partner during the chase — there was certainly substantial evidence from which a jury could infer premeditation and deliberation. *See Shaw* v. *State* and *Stout* v. *State*.

The appellant next contends that it was error to permit the police officers to give opinion testimony. Upon direct examination, both Officer Yant and Officer Lesher were permitted to testify, over the appellant's timely objection, that they thought the appellant was trying to kill Officer Yant when he fired at him from point-blank range. Officer Yant described the flash of the pistol and said that he was "looking right down the muzzle." Officer Lesher testified that the gun was pointed at Officer Yant when the first shot was fired from a distance of 4 to 6 feet.

Counsel for the appellant objected on the grounds that the state was seeking "an opinion." The prosecution agreed that she was indeed eliciting opinion testimony.

Arkansas Rules of Evidence Rule 701 permits opinion testimony of a lay witness when the opinions are rationally based on the "perception" of the witness and are helpful to a clear understanding of his testimony or a determination of a fact in issue. The testimony of both Officers Yant and Lesher meet the requirements of A.R.E. Rule 701.

In *Mathis* v. *State*, 267 Ark. 904, 591 S.W.2d 679 (Ark. App. 1979), an eyewitness to a shooting was permitted to testify that in her opinion the shooting was not accidental as alleged by the defendant. The testimony was approved pursuant to A.R.E. Rule 701. Federal Rules of Evidence Rule 701 has likewise been held to permit such opinion testimony. *See United States* v. *Skeet*, 665 Fd.2d 983 (9th Cir. 1982).

We have previously drawn the fine distinction between a permitted opinion which "touches upon the ultimate issue" and an opinion, not admissible, which "tells the jury what to do." *Gramling* v. *Jennings*, 274 Ark. 346, 625 S.W.2d 463 (1981).

The testimony of the officers — one of them the intended victim — that a handgun was fired point blank at Officer Yant and that the appellant appeared to be shooting to kill is quite different from an expert utilizing established facts and from those facts making a conclusory statement that the actor was "negligent" or "guilty of malpractice."

Arkansas Code Annotated §§ 5-3-201 and 5-10-101, encompassing the crime of attempted capital felony murder, require an intent to cause death after premeditation and deliberation. The opinion testimony objected to by the appellant deals only with the single element of intent and does not tell the jury to convict; to that extent only it touches upon the ultimate issue. *See Gramling* v. *Jennings*; *Mathis* v. *State*. The jury is then left to determine the ultimate issue — whether intent plus premeditation and deliberation are proved to the jury's satisfaction beyond a reasonable doubt. *See McClellan* v. *French*, 246 Ark. 728, 439 S.W.2d 813 (1969).

As we find no reversible error, the conviction is affirmed.

Affirmed.

GLAZE, J., concurring: Regarding appellant's second contention, I agree the officers' opinions were properly admitted under A.R.E. Rule 704 and the rationale set out in *Long* v. *State*, 284 Ark. 21, 680 S.W.2d 686 (1984).