Teresa SWEAT *v.* STATE of Arkansas

CR 90-230                                          802 S.W.2d 458

Supreme Court of Arkansas

Opinion delivered January 28, 1991

*Val P. Price*, for appellant.

*Ron Fields*, Att'y Gen., by: *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Teresa Sweat, appeals from a conviction of three counts of delivery· of a controlled substance. On one count she was charged as principal. On the remaining two she was charged as an accomplice to her mother, Ollie Sweat. Her defense was that she was not present when the transactions occurred, and the state's evidence was insufficient. We find the evidence was sufficient and affirm the conviction.

■ There was testimony from which the jury could have found that an undercover police officer and his informant went to the home of Teresa and Ollie Sweat on December 15, 1988, where they purchased cocaine. The officer asked for two grams, and Teresa left the room and returned with the cocaine. She handed it to him, and he gave $200 to Ollie. From this evidence, as well as evidence produced on the other two counts, the jury could easily have concluded that Teresa and Ollie were in the drug business together and that Teresa would share in the money. "Delivery" is defined at Ark. Code Ann. § 5-64-101(f) (Supp. 1989) as "the actual, constructive, or attempted transfer from one (1) person to another of a controlled substance . . . in exchange for money, whether or not there is an agency relationship."

■ An accomplice is a person who, "with the purpose of promoting or facilitating the commission of an offense . . . (2) Aids, agrees to aid, or attempts to aid the other person in . . . committing it . . . ." Ark. Code Ann. § 5-2-403(a)(2) (1987). There was testimony from which it could have been concluded that on December 9, 1988, the officer and informant went to the Sweat home. While they were engaged in a transaction with Ollie to purchase two grams of cocaine, Teresa entered the room and gave them advice about buying more and getting a better price, until she realized they were already planning to purchase the

quantity she had in mind. The jury could have concluded Teresa aided in the sale. She was there, encouraging the men to buy cocaine.

■  The evidence also showed that on December 6, 1988, the officer went to the Sweat home and told Ollie he wanted one gram of cocaine, and Ollie told Teresa to bag it up. Teresa then called Ollie from the back of the house. Ollie went to her and returned with the cocaine. The jury could have concluded that Teresa aided Ollie both on the December 6 and December 9 transactions.

We affirm if there is substantial evidence, viewed in the light more favorable to the state, in support of the conviction. *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). The evidence in this case is substantial.

Affirmed.