977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Billy Joe HENSON, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.
 No. 91-3626.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 19, 1992.
Filed: October 19, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Billy Joe Henson, an Arkansas inmate, appeals from the district court's[1] order denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Henson argues that he received ineffective assistance when his counsel failed to investigate and present alibi witnesses. We affirm.
 
 
 2
 After Henson's conviction for aggravated robbery and theft of property was reversed, Henson v. State, 757 S.W.2d 560 (Ark. 1988), the State on retrial presented testimony from two investigating officers and the victim, and the defense presented no witnesses. The jury convicted Henson of theft of property and sentenced him, as an habitual offender, to twenty years imprisonment. This conviction was affirmed. Henson v. State, 775 S.W.2d 896 (Ark. 1989).
 
 
 3
 Henson filed pro se a state postconviction motion, which included a claim that his counsel was ineffective for failing to investigate and present alibi witnesses. Concluding that Henson's ineffective assistance claim was "too conclusory to be considered," the petition was denied. Henson v. State, No. CR 89-70 (Ark. May 21, 1990) (per curiam).
 
 
 4
 In this habeas petition, Henson, pro se, reiterated the claim, disclosing the names of the two alibi witnesses he alleges he gave to his attorney. He asserted that one of the witnesses would have testified that Henson was with her on the day of the theft. The State responded that the ineffective assistance claim was not fairly presented to the state courts because Henson did not specify there who the witnesses were and what they would say. Thus, Henson had procedurally defaulted this claim. Henson replied that he could show "cause" and "prejudice" to excuse the default, and also a "manifest miscarriage of justice." See Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 5
 The magistrate judge[2] gave Henson an opportunity to explain his failure to raise this claim in state court. Henson replied that attorney incompetence accounted for the default and that he was actually innocent. He also moved to amend his habeas petition, asserting that he told his attorney one week before trial that one witness was with him at a hotel on the date of the theft and one witness could testify that the other witness was registered at the hotel. He argued that, but for his attorney's failure to investigate these witnesses, it was probable that their testimony would have changed the result of the trial. Henson also moved for an evidentiary hearing.
 
 
 6
 The magistrate judge concluded that the rationales Henson supplied did not excuse the default and that Henson presented no facts to support his assertion of actual innocence. The district court adopted the magistrate judge's report in its entirety over Henson's objections.
 
 
 7
 On appeal, with the assistance of appointed counsel, Henson does not argue he can prove cause and prejudice. He argues only that justice requires an evidentiary hearing on this issue and that the federal courts should entertain this petition because he is actually innocent.
 
 
 8
 As the district court observed, Henson has not presented any facts in support of his argument other than that there were two alibi witnesses. This, alone, does not prove actual innocence. See Murray, 477 U.S. at 496. Thus, justice does not require an evidentiary hearing.
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE STEPHEN M. REASONER, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The HONORABLE H. DAVID YOUNG, United States Magistrate Judge for the Eastern District of Arkansas