

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–12–840

| | |
|---|---|
| HARLEY INTHISONE | **Opinion Delivered** September 11, 2013 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR-09-410] |
| V. | |
| STATE OF ARKANSAS | HONORABLE DAVID L. REYNOLDS, JUDGE |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Harley Inthisone was charged with four counts of criminal attempt to commit capital murder after a shooting spree in which he shot one police officer and fired at three others. A Faulkner County jury convicted him of two counts of attempted capital murder regarding two of the officers; the jury found Inthisone guilty of aggravated assault as to the other two officers. The circuit court imposed the jury-recommended sentence of 184 years in the Arkansas Department of Correction. On appeal, Inthisone does not challenge his attempted–capital–murder conviction as to the officer he actually shot or his aggravated–assault convictions. Instead, he urges that there was insufficient evidence to support his attempted–capital–murder conviction as to Officer Matt Raeburn. We find no error and affirm.

Inthisone argues that the circuit court should have granted his motion for directed verdict because insufficient evidence supports his attempted–capital–murder conviction. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Navarro v. State*, 371 Ark. 179, 186, 264 S.W.3d 530, 535 (2007). Our appellate courts have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id*. We affirm a conviction if substantial evidence exists to support it. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. Circumstantial evidence may constitute substantial evidence to support a defendant's conviction, but only if it excludes every reasonable hypothesis other than the guilt of the accused. *Simmons v. State*, 89 Ark. App. 34, 199 S.W.3d 711 (2004). The question of whether circumstantial evidence excludes every other reasonable hypothesis consistent with innocence is generally reserved for the fact-finder. *Id*.

Under Arkansas Code Annotated section 5-10-101(a)(3) (Repl. 2006), a person commits capital murder if, "[w]ith the premeditated and deliberated purpose of causing the death of any law enforcement officer, . . . when such person is acting in the line of duty, he causes the death of any person[.]" Furthermore, a person commits criminal attempt to commit capital murder if he purposely engages in conduct that "[c]onstitutes a substantial step in a course of conduct intended to culminate in the commission of an offense." Ark.

SLIP OPINION

SLIP OPINION

Code Ann. § 5-3-201(a)(2) (Repl. 2006). Additionally,

> [w]hen causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpable mental state otherwise required for the commission of the offense, the person purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause the particular result.

Ark. Code Ann. § 5-3-201(b). Conduct is not a substantial step under this section unless the conduct is strongly corroborative of the person's criminal purpose. Ark. Code Ann. § 5-3-201(c).

Nicki Fowler, who was in a relationship with Inthisone, was at home, asleep, when Inthisone showed up around 9:00 p.m. and knocked on her window. Inthisone made a threatening gesture toward Fowler, and Fowler became scared and drove to the home of her friend, Elizabeth Webster. Fowler realized that she needed to go back home to get clothes to wear to work the next day, so Webster drove to Fowler's home with her. Upon arrival, they saw that Inthisone's car was still there, so the women called the police.

The first officer to arrive was Raeburn. As he spoke with Fowler and Webster, Inthisone emerged from his car parked in Fowler's driveway. Fowler identified Inthisone to Raeburn, and Raeburn asked Inthisone to stop. Inthisone began to walk away, and Raeburn again asked him to stop and produce some identification. Inthisone "aggressively" threw his driver's license at Raeburn, and he then ripped his shirt off. Raeburn became concerned for his safety and placed Inthisone on the side of the car to pat him down, but he found no weapons on him.

SLIP OPINION

Soon thereafter, Officer Matthew Kimery arrived to back up Raeburn. Raeburn, who was still uneasy about Inthisone, told Kimery to keep an eye on him. As Kimery did so, Raeburn shone his flashlight inside Inthisone's car and saw multiple rounds of loose ammunition on the passenger side of the vehicle. Based on the danger he perceived, Raeburn called in for additional officers. As he stepped to the rear of his patrol car, he saw Inthisone "bolt" toward Fowler's apartment. Inthisone ran in a side door of the apartment and slammed the door, with Kimery and Raeburn pursuing closely. Moments later, the door swung open, and Raeburn saw a gun and a muzzle flash. The bullet hit Kimery in the right shoulder and entered his chest, collapsing his lung and lodging in his spine. Inthisone continued to fire his weapon as the officers fled. Both Raeburn and Kimery testified that the shots were getting closer during their flight for cover.

Crime-scene technicians who processed the scene recovered six shell casings, and each was proven to have been fired from Inthisone's 9mm pistol. DNA swabs taken from the gun's magazine and rounds were consistent with Inthisone's DNA.

Inthisone argues that this evidence failed to demonstrate that he had the requisite intent to attempt to kill Raeburn. Our supreme court has held that a criminal defendant's intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances of the crime. *Woods v. State*, 363 Ark. 272, 275, 213 S.W.3d 627, 630 (2005). Similarly, premeditation and deliberation may be inferred from the type and character of the weapon, the manner in which the weapon was used, the nature, extent, and location of the wounds, and the accused's conduct. *Id*.; *see also Ali v. State*, 2011 Ark.

4

App. 758. The necessary premeditation is not required to exist for a particular length of time and may be formed in an instant. *Green v. State*, 330 Ark. 458, 956 S.W.2d 849 (1997); *Key v. State*, 325 Ark. 73, 923 S.W.2d 865 (1996). Moreover, deliberation has been defined as a weighing in the mind of the consequences of a course of conduct, as distinguished from acting upon a sudden impulse without the exercise of reasoning powers. *O'Neal v. State*, 356 Ark. 674, 682, 158 S.W.3d 175, 180 (2004).

Here, Raeburn's pat-down of Inthisone showed that he was unarmed at the time of his initial encounter with the police, but Inthisone had the wherewithal to run into the apartment and retrieve his gun. This demonstrates that Inthisone had time to form the intent to act and to weigh the consequences of his course of conduct. Moreover, after shooting Kimery in the shoulder, Inthisone fired five additional shots at both of the fleeing officers. In *Salley v. State*, 303 Ark. 278, 796 S.W.2d 335 (1990), our supreme court upheld appellant Salley's attempted-capital-murder conviction where the evidence showed that Salley fired a handgun at an officer, missing him, and when the officer took evasive action, Salley fired two more shots, which also missed, at the officer. The supreme court held that, "[f]rom the circumstances of the shooting, where the appellant had time in which to decide to fire two additional shots at the policeman . . . there was certainly substantial evidence from which a jury could infer premeditation." *Salley*, 303 Ark. at 282, 796 S.W.2d at 337–38. Similarly, in the instant case, the evidence supports the jury's conclusion that Inthisone acted with premeditation and deliberation when he fired his gun at Raeburn and that, by firing at the

SLIP OPINION



fleeing officer, he took a substantial step toward the intended outcome of the crime.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Montgomery, Adams & Wyatt, PLC*, by: *James W. Wyatt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.