Dee Leslie MATHIS, Jr. *v.* STATE of Arkansas

CA CR 79-9                                        591 S.W. 2d 279

Opinion delivered December 12, 1979
Released for publication January 9, 1980

*Gene Worsham*, for appellant.

*Steve Clark*, Atty. Gen., by: *Catherine Anderson*, Asst. Atty. Gen., for appellee.

MARIAN F. PENIX, Judge. Appellant, Dee Leslie Mathis, was charged with the crime of first degree murder in the slaying of his girlfriend, Patricia Holland. The appellant and Ms. Holland had lived together for approximately one and a half years before her death. Each had a child by a previous marriage living with them. At the time of the occurrence which led to Ms. Holland's death, both children were present as well as Ms. Holland's mother, Irma Dennis, and a mutual friend, Carl Eugene Freeman.

The incident occurred January 20, 1978 at the mobile home occupied by the parties. The testimony reflects that

Mr. Freeman arrived at the mobile home around 6:30. Ms. Dennis and Ms. Holland were home. The appellant arrived shortly thereafter. The four sat and talked for awhile. Ms. Holland and Mr. Freeman drank some whiskey; the appellant was drinking beer. The appellant was said to be in a good mood.

Ms. Holland decided to go to the grocery store. The road was icy and very slippery. The car became stuck in the driveway. Apparently, attempts to dislodge the car resulted in the transmission being damaged. Ms. Holland returned to the trailer. The appellant went into a bedroom to lie down. Sometime later, Mr. Freeman and Ms. Dennis decided to go to the store in his truck. They went outside. At that point, Ms. Dennis testified, her daughter called for her. She went back into the trailer to find the appellant slapping the deceased. The couple was arguing about the car. Mr. Freeman returned to the trailer. The testimony regarding the next few minutes is confusing.

Ms. Dennis testified the appellant ran to the kitchen and grabbed a gun. She placed herself between her daughter and the appellant. According to Ms. Dennis, the appellant reached around her and shot Ms. Holland. Ms. Dennis said in her opinion the shooting was not accidental. The appellant's 13 year old son and Mr. Freeman both testified the couple was arguing. They did not know who had the gun. There was a struggle involving the appellant, Ms. Holland, and Ms. Dennis. All three fell onto the couch. The gun went off at that point and fell to the floor. Both Mr. Freeman and the appellant's 13 year old son believed the shooting to be accidental.

Ms. Holland was shot in the neck. Mr. Freeman and the appellant attempted to transport her to the hospital in Mr. Freeman's truck. The truck ran out of gas. Ms. Holland died before an ambulance could reach her.

The appellant was found guilty of second degree murder. Due to appellant's two previous felony convictions, he was charged with being a habitual offender. He received a sentence of fifteen years in the state penitentiary. From that conviction, the appellant has appealed.

The first point argued for reversal is the trial court erred in allowing Irma Dennis to testify as to her opinion on whether or not the slaying was accidental. We do not find this to be error.

Previously, the law did not allow a witness to give an opinion on the ultimate issue to be decided by a jury. Two examples of the application of the old law are found in *Jones* v. *State*, 58 Ark. 390 (1894) and *George* v. *State*, 148 Ark. 638 (1921). These cases were decided prior to the effective date of the Uniform Rules of Evidence for Arkansas.

Uniform Rule of Evidence 701 permits lay witnesses to testify in the form of an opinion.

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Uniform Rule of Evidence 704 permits a witness to give his opinion on the ultimate issue to be determined.

> Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

No longer is opinion testimony viewed as "usurping the function of the trier-of-fact". The trier of fact considers the opinion along with the other evidence and determines the weight to be attached to the testimony.

The exclusion of opinion testimony has been sharply criticized for a long time. The Uniform Rules of Evidence reflect a response to the criticism and have made changes to correct the problems with former evidentiary rules. The Federal Rules of Evidence were the model for the Uniform Rules of Evidence for Arkansas. The Advisory Committee

Notes accompanying Rule 704 reflect the reason for making opinion testimony admissible.

> The older cases often contained strictures against allowing witnesses to express opinions upon ultimate issues as a particular aspect of the rule against opinions. The rule was unduly restrictive, difficult of application, and generally served only to deprive the trier of fact of useful information. 7 Wigmore § 1920, 1921; McCormick § 12. The basis usually assigned for the rule, to prevent the witness from "usurping the province of the jury," is aptly characterized as "empty rhetoric". 7 Wigmore § 1920, p. 17. Efforts to meet the felt needs of particular situations led to odd verbal circumlocutions which were said not to violate the criminal responsibility of an accused in terms of sanity or insanity, but not in terms of ability to tell right from wrong or other more modern standards. And in cases of medical causation, witnesses were sometimes required to couch their opinions in cautious phrases of "might or could," rather than "did," though the result was to deprive many opinions of the positiveness to which they were entitled, accompanied by the hazard of a ruling of insufficiency to support a verdict. In other instances the rule was simply disregarded, and, as concessions to need, opinions were allowed upon such matters as intoxication, speed, handwriting, and value, although more precise coincidence with an ultimate issue would scarcely be possible.

The appellant has argued that Uniform Rule of Evidence 704 applies only to testimony by experts. Therefore, the testimony of Ms. Dennis should have been excluded. The Advisory Committee Notes make it clear that Rule 804 applies to any witness — lay or expert.

Not all opinions are admissible. Guidelines for the admissibility of opinions are found in the rules. Rule 701 states the opinion must be helpful to the trier of fact. Under Rule 401, the evidence must be relevant. Rule 403 provides for the exclusion of any evidence which will only waste time. The notes accompanying Rule 704 state:

> These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oathhelpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.

We do not find the testimony of Ms. Dennis to be objectionable for any of these reasons.

The appellant has argued that the opinion testimony of Ms. Dennis was not based on something she could rationally perceive. Only something which can be perceived by the senses is admissible under Rule 701, i.e., speed of a car, sounds she heard. In this instance, Ms. Dennis' opinion was on the issue of purpose or intent. She was in a position to observe the argument and the struggle. We do not find the appellant's interpretation of Rule 701 to be correct.

> The argument has been made that, because we cannot directly see, hear, or feel the state of another person's mind, therefore testimony as to another person's state of mind is based on merely conjectural and therefore inadequate data. This argument is finical enough; but it proves too much, for if valid it would forbid the jury to find a verdict upon the supposed state of a person's mind. 2 Wigmore, Evidence, § 661, (Third Edition, 1940).

There are no Arkansas cases which interpret Rule 701. *John Hancock Mutual Life Insurance Co.* v. *Dutton*, 585 F. 2d 1289 (5th Cir. 1978) was a civil suit which involved a similar issue. The suit involved the attempt to recover accidental death benefits on a life insurance policy. On appeal, John Hancock argued that this testimony should not have been admitted.

> Under John Hancock's construction, a witness could never testify to his views concerning the feelings of another person. . . . When, as here, the witness observes first hand the altercation in question, her opinions on the feelings of the parties are based on her

personal knowledge and rational perceptions and are helpful to the jury. The Rules require nothing more for admission of the testimony. *John Hancock Mutual Life Insurance Co.* v. *Dutton*, supra, at 1294.

See also, *United States* v. *Scavo*, 593 F. 2d 837, 844 (8th Cir. 1979).

The evidence reflects there was evidence of a struggle. The witness was in a position to observe. Her observations were rationally perceived. It was helpful to the trier of fact to know whether this eye witness felt the shooting was accidental.

The appellant's second point argued for reversal is that the trial court erred in refusing to allow the defense to impeach the credibility of one of the state's witnesses by introducing evidence of her alleged "drug problem". On cross-examination, the appellant attempted to question Ms. Dennis about a drug problem. Ms. Dennis denied having a drug problem or using any type of drug that had not been prescribed by a doctor. The appellant then asked the judge for a subpoena duces tecum for hospital records. This was denied. The judge also refused to allow the appellant to cross-examine the witness on her drug history. The appellant contends this was reversible error. We do not find this to be error.

On cross-examination on collateral issues a cross-examiner is bound by the answers he receives from the witness and may not impeach his testimony by the introduction of contradictory evidence. *Powell* v. *State,* 260 Ark. 381, 540 S.W. 2d 1 (1976); *Odom* v. *State,* 259 Ark. 429, 533 S.W. 2d 514 (1976).

The questions asked of Ms. Dennis were collateral to the issue of the trial. The Arkansas Supreme Court set out the test for determining collateral issues in *McAlister* v. *State*, 99 Ark. 604, 139 S.W. 684 (1911). This was relied upon in *Randall* v. *State*, 239 Ark. 312, 389 S.W. 2d 229 (1965). This determination to be made is whether the cross-examining party would be entitled to prove the issue as part of his

case. The determination of whether Ms. Dennis was a drug addict was not an issue which would have been an integral part of the appellant's case. See also, *Brown* v. *State*, 259 Ark. 464, 534 S.W. 2d 207 (1976). We find no error in the second point.

Turning to the appellant's third point argued for reversal, we find some problems. This was a bifurcated trial. After the jury found the appellant guilty, evidence was then heard regarding his character. Testimony was received which indicated the appellant had two previous felony convictions. The appellant's employers testified as to his work record and the fact that he had become an assistant manager. The judge held that since the appellant had been convicted of two prior felonies and was considered a habitual offender pursuant to Ark. Stat. Ann. § 41-1001, the alternate fine provisions were not available as possible punishment.

The appellant was convicted of murder in the second degree. This is a class B felony. Ark. Stat. Ann. § 41-901 provides:

(1) A Defendant convicted of a felony *may be* sentenced to a term of imprisonment: (b) not less than three (3) years nor more than twenty (20) years, if the conviction is of a class B felony.

Ark. Stat. Ann. § 41-1101 provides:

(1) A Defendant convicted of a felony *may be* sentenced to pay a fine: (a) not exceeding $15,000, if the conviction is of a class A or B felony.

Ark. Stat. Ann. § 41-1001 provides:

(1) A Defendant who is convicted of a felony and who has previously been convicted of more than one (1) but less than four (4) felonies, or who has been found guilty of more than one (1) but less than four (4) felonies, *may be* sentenced to an extended term of imprisonment as follows: (b) not less than five (5) years nor more than thirty (30) years, if the conviction is of a class B felony.

912

The Commentary to § 41-1001 indicates this section was designed to provide more flexibility in sentencing recidivists. The language does not, however, make a stiffer sentence mandatory. The options should have been made available to a jury. It was for the jury to determine whether to impose a sentence of confinement, a fine, or both.

We find no error in the jury verdict of guilty of second degree murder. This was, however, a bifurcated trial. Since we find error in the second stage, we must reverse and remand for a new trial. The appellant is entitled to have his sentence imposed by the same jury which determines his guilt or innocence. Ark. Stat. Ann. § 41-1005. This is not possible without a new trial. The appellant could, however, permit the presiding judge to consider both possible sentencing statutes and impose the punishment. This is the appellant's choice.

We therefore reverse and remand for proceedings not inconsistent with this opinion.