Tyrone SIMPSON *v.* STATE of Arkansas

CA CR 02-963

Court of Appeals of Arkansas
Divisions I, II, and IV
Opinion delivered April 30, 2003 [82 Ark. App. 76]
[Substituted Opinion Upon Grant of Rehearing
delivered October 1, 2003.]*

---

*Note: The substituted opinion in this appeal appears in a separate volume due to a change in official contract printers and the exigencies of the printing schedule.

*S. Butler Bernard, Jr.*, for appellant.

*J. Leon Johnson*, Att'y Gen., by: *Kent G; Holt*, Ass't Att'y Gen., for appellee.

Larry D. Vaught, Judge. Appellant Tyrone Simpson was convicted by a jury of second-degree murder and sentenced to twelve years' imprisonment. On appeal, Simpson argues that the trial court abused its discretion by refusing to allow lay-opinion testimony by an eyewitness that the shooting was accidental. We disagree and affirm.

Simpson was charged with first-degree murder in connection with the shooting death of Rufus Lytle, which occurred on October 20, 2001. At trial, the State called as a witness James Lytle, a brother of the victim and an owner of Lytle's Grocery and Arcade, the establishment where the shooting took place. Lytle testified that, on the evening of October 20, there was a fight taking place in the back room, known as the poolroom, of the store. Lytle stated that he went from the poolroom into the front room of the store and encountered Simpson, who was carrying a shotgun. Lytle testified that he told Simpson that he did not need to be in the store with a shotgun, but that Simpson remained there pointing his shotgun in the air and trying to see what was going on in the poolroom. While talking to Simpson, Lytle stated that his brother, Ralph Lytle, Sr., came into the store carrying a shotgun.

According to Lytle, Ralph came up behind Simpson and struck him on the side of the head with the butt of the gun. As Simpson fell to the floor, Lytle testified that Simpson's gun discharged, striking another brother, Rufus Lytle, in the head and killing him. Lytle stated that both Simpson and Ralph immediately left the premises.

On cross-examination, Simpson asked Lytle, "What kind of shooting would you characterize this as?" The State objected, arguing that the question called for a conclusion and invaded the province of the jury to determine the circumstances of the shooting. Simpson replied that it was permissible for a witness to a shooting to testify as to whether in his opinion, the shooting was accidental or intentional. The trial court sustained the objection and disallowed the testimony, stating that it was not demonstrated that the testimony would be helpful to the jury and that it invaded the province of the jury for a layperson to testify as to the ultimate conclusion. Simpson was allowed to proffer the expected testimony of Lytle. In the proffered testimony, Lytle stated that he witnessed every moment of the events surrounding the shooting and that he would characterize the shooting as an accident. Lytle testified that in his opinion, Simpson was not intending to shoot the gun when he fell.

Simpson's sole argument on appeal is that the trial court erred in refusing to allow the opinion testimony of the eyewitness. The decision on whether to admit relevant opinion evidence rests in the sound discretion of the trial court, and the trial court's ruling will not be reversed absent an abuse of discretion. *Marts v. State,* 332 Ark. 628, 968 S.W.2d 41 (1998). Arkansas Rule of Evidence 701 (2002) permits lay witnesses to testify in the form of opinions or inferences, as long as those opinions or inferences are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue. Testimony in the form of an opinion or inference that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Ark. R. Evid. 704 (2002); *Marts v. State, supra.* Although opinion testimony on the ultimate issue is admissible, if the opinion mandates a legal conclusion or "tells the jury what to do," the testimony should be excluded. *Marts v. State, supra* (citing *Salley v. State,* 303 Ark. 278, 796 S.W.2d 335 (1990)). For example, an opinion by an expert witness in a medical malpractice case that a doctor was not negligent was held to be inadmissible because it did

not merely embrace the ultimate issue, but was tantamount to telling the jury what result to reach. *Gramling v. Jennings,* 274 Ark. 346, 625 S.W.2d 463 (1981).

■ Simpson contends that the proffered opinion in this case, which was that the shooting was accidental, was rationally based on James Lytle's perception, that it would have been helpful to a clear understanding of his testimony or a determination of a fact in issue, and that it does not mandate a legal conclusion. As support for his argument, Simpson cites *Mathis v. State,* 267 Ark. 904, 591 S.W.2d 679 (Ark. App. 1979). In *Mathis,* the defendant was convicted of second-degree murder for the shooting death of his girlfriend. According to the testimony of an eyewitness, the parties were arguing, and the defendant went to get his gun. The witness testified that she placed herself between the defendant and his girlfriend and that the defendant then reached around and shot his girlfriend. The witness was allowed to testify that in her opinion, the shooting was not accidental. On appeal, the defendant argued that the trial court erred in allowing an opinion on the ultimate issue. He also argued that her opinion was not rationally based on her perception because it went to his state of mind and not to something that could be perceived by her senses. This court held that the opinion was properly admitted, finding that the opinion was rationally based on her observations of the struggle and that it was helpful to the trier of fact to know whether the eyewitness felt the shooting was accidental. *Id.* We stated that opinion testimony is no longer viewed as "usurping the function of the trier-of-fact" and that the "trier of fact considers the opinion along with the other evidence and determines the weight to be attached to the testimony." *Id.* at 907, 591 S.W.2d at 681.

■ While *Mathis* would be support for sustaining the trial court if it had admitted the testimony, it does not mandate reversal of the court's decision not to admit. The question is not what we would have done, but whether the trial court abused its discretion by making a judgment call that was arbitrary or groundless. *Walker v. State,* 304 Ark. 393, 803 S.W.2d 502 (1991).

In this case it did not. The court set forth a rational basis for denying admission:

> We have here a situation where the gun was brought into a place where it's a single shot weapon that had to be loaded, it had to be

cocked, and given that that had to have gone on before. I am going to leave it to the jury to determine the nature of the shooting, the nature of what occurred there [rather] than let lay witnesses testify as to how they might characterize it.

I am [going to] let them testify as to facts rather than opinions or conclusions[.]

■ All of the witness's testimony up to the conclusion was admitted, and the court's reasoning that the jury could reach its own conclusion is rational and not arbitrary or groundless. There was, therefore, no abuse of discretion.

Affirmed.

PITTMAN, GLADWIN, BIRD, GRIFFEN, and BAKER, JJ., agree.

HART, NEAL, and ROAF, JJ., dissent.

ANDREE LAYTON ROAF, Judge, dissenting. I would deny rehearing and let stand our original decision to reverse and remand this case. The simple fact of the matter is that, on a number of occasions, Arkansas appellate courts have upheld lay-opinion testimony in clearly analogous situations where the evidence has been submitted by the State. Simpson's counsel made this argument to the trial court, and specifically cited the trial court one of these cases, *Mathis v. State,* 267 Ark. 904, 591 S.W.2d 679 (Ark. App. 1979).

On appeal, Simpson argues that the trial court erred in refusing to allow the opinion testimony of the eyewitness to the shooting, the victim's brother, James Lytle. I cannot disagree with the well-settled proposition that the decision on whether to admit relevant opinion evidence rests in the sound discretion of the trial court, and the trial court's ruling will not be reversed absent an abuse of discretion. *Marts v. State,* 332 Ark. 628, 968 S.W.2d 41 (1998). However, Arkansas Rule of Evidence 701 (2002) permits lay witnesses to testify in the form of opinions or inferences, as long as those opinions or inferences are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue. Testimony in the form of an opinion or inference that is otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact. Ark. R. Evid. 704 (2002); *Marts v. State; supra.* Although opinion testimony on the ultimate issue is

admissible, if the opinion mandates a legal conclusion or "tells the jury what to do," the testimony should be excluded. *Marts v. State, supra* (citing *Salley v. State,* 303 Ark. 278, 796 S.W.2d 335 (1990)).

Simpson contends that the proffered opinion in this case, which was that the shooting was accidental, was rationally based on James Lytle's perception, that it would have been helpful to a clear understanding of his testimony or a determination of a fact in issue, and that it does not mandate a legal conclusion. As support for his argument, Simpson cited to the trial court and to this court *Mathis v. State, supra.* In *Mathis,* the defendant was convicted of second-degree murder for the shooting death of his girlfriend. According to the testimony of an eyewitness, the parties were arguing, and the defendant went to get his gun. The witness placed herself in between the defendant and his girlfriend, and she testified that the defendant then reached around and shot his girlfriend. The witness was allowed to testify that in her opinion, the shooting was not accidental. On appeal, the defendant argued that the trial court erred in allowing an opinion on the ultimate issue. He also argued that her opinion was not rationally based on her perception because it went to his state of mind and not to something that could be perceived by her senses. This court held that the opinion was properly admitted, finding that the opinion was rationally based on her observations of the struggle and that it was helpful to the trier of fact to know whether the eyewitness felt the shooting was accidental. *Id.* We stated that opinion testimony is no longer viewed as "usurping the function of the trier of fact" and that the "trier of fact considers the opinion along with the other evidence and determines the weight to be attached to the testimony." *Id.* at 907, 591 S.W.2d at 681.

Also, in *Salley v. State, supra,* police officers were allowed to testify that the defendant appeared to be "shooting to kill" when he pointed the handgun at one of the officers. The supreme court found that this type of testimony is admissible and is different from an expert who utilizes established facts and from those facts makes a conclusory statement that the actor was "negligent" or "guilty of malpractice." *Id.* at 283, 796 S.W.2d at 338; *see also Long v. State,* 284 Ark. 21, 680 S.W.2d 686 (1984) (finding officer's testimony that the defendant was intoxicated admissible although it embraced the ultimate issue, since it did not mandate a legal conclusion); *Tillman v. State,* 275 Ark. 275, 630 S.W.2d 5 (1982) (finding that the trial court properly admitted a witness's opinion that a car had backed out of a driveway just before he saw it, where the

witness's observations as to the car's position relative to the driveway and its movement provided a rational basis for his opinion).

Here, Lytle testified that he observed every moment of the events leading up to the shooting by Simpson, and that he observed Simpson's fall and the discharge of the gun. Lytle described the fall and the subsequent shooting as happening so quickly that he was not sure if Simpson had even hit the ground when the gun fired. Thus, the proffered opinion that the shooting was accidental is rationally based on Lytle's perception of the events. In addition, this opinion would have been helpful to a clear understanding of his testimony describing the shooting, since he testified that "it happened so fast" that he could not say whether the shot went off before or after Simpson fell to the ground. Given Simpson's defense that the shooting was accidental, this opinion testimony would also have been helpful to a determination of a fact in issue, namely, whether Simpson committed first-degree murder or some other lesser-included offense. Therefore, this opinion testimony is proper under Ark. R. Evid. 701.

The trial court's ruling that it would have "invaded the province of the jury" for Lytle to testify as to the ultimate conclusion in this case is contrary to the holding in *Mathis v. State*, *supra*. As in *Mathis*, the opinion in this case would not have mandated that the jury reach a certain conclusion. Instead, the jury should have been able to consider this opinion along with all of the other evidence and determine the weight to be attached to the testimony. *Id.* The trial court abused its discretion in excluding this testimony by ignoring precedent from both our supreme court and this court. In this regard, I would suggest that a trial court does not exercise discretion in a vacuum, but must do so in reference to existing law on the subject at hand. I find persuasive the observation of the concurring judge in *Caldwell v. Jenkins*, 42 Ark. App. 157, 856 S.W.2d 37 (1993):

> 'Abuse of discretion' is discussed in 1 Childress & Davis, *Federal Standards of Reviews* § 4.21 (2d ed. 1992). The second citation in the discussion is to a case which states:
>
> > "Abuse of discretion" is a phrase which sounds worse than it really is. All it need mean is that, when judicial action is taken in a discretionary matter, such action cannot be set aside by a reviewing court unless it has a definite and firm conviction that

the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.

*In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954). The discussion of abuse of discretion is summed up as follows:

> It appears, therefore, that often an abuse of discretion standard in civil and criminal appeals should not be equated with a test for unreasonableness. The appellate court must defer to true exercises of discretion but should not wait, in many contexts, until the judge had been wholly unreasonable or whimsical before reversing. After all, even a deferential abuse yardstick does not insulate the judge from accountability. It still allows the appellate court to check for an injustice (much like the clearly erroneous rule), based in turn on the trial court's own duty to use Asound discretion, exercised with regard to what is right and in the interests of justice. And an appellate court is not bound to stay its hand and place its stamp of approval on a case when it feels that injustice may result. *Federal Standards of Review* at 4-160 (citations omitted).

*Id.* at 165, 856 S.W.2d at 41. There can be no more "relevant factors" for a trial court to consider than the rule of evidence at issue and the case law interpreting such rule, and no better example of a "clear error of judgment" than when a trial court simply chooses to ignore such precedent.

Finally, I note that other jurisdictions use a different and, in my estimation, better approach when considering whether lay opinion testimony is admissible under analogous circumstances. *United States v. Skeet*, 665 F.2d 983 (9th Cir. 1982) (holding witness should not be allowed to give opinion as to whether shooting was accidental where jury could be put into a position of equal vantage with the witness for drawing the opinion); *State v. Turner*, 136 Idaho 629, 38 P.3d 1285 (2001) (holding that opinion testimony that shooting was accidental was properly struck where witness testified to facts and circumstances surrounding the shooting, and jurors from their common experience and knowledge could draw their own conclusions about whether shooting was an accident); *State v. Parks*, 71 Or. App. 630, 693 P.2d 657 (1985) (holding witness's opinion that shooting was an accident not admissible where witness was not better able than jury to reach a conclusion on that issue); *Fairow v. State*, 943 S.W.2d 895 (Tex. Ct. App.

1997) (holding opinion from witness as to whether shooting was accidental not admissible because it would not be helpful from a witness able to articulate his perceptions in great detail, thus increasing the likelihood that the jury could form its own opinion). These authorities, while soundly reasoned, are not in line with the holdings in *Mathis v. State, supra*, and *Salley v. State, supra*, where admission of opinion testimony about the accidental nature of a shooting was upheld even though the witness appeared to testify to sufficient facts and circumstances to allow the jury to form its own opinion. This is a better and more objective approach to addressing the admissibility of the kind of opinion testimony offered in *Mathis, Salley*, and now the case before us, but it has not been employed by our appellate courts where the State has been successful in admitting such testimony. In the absence of a fair and objective analysis as is used in the other cited jurisdictions, I must conclude that to affirm this case is to tacitly agree that trial courts may apply a double standard in considering the admissibility of this kind of witness testimony, and admitting it when it is helpful to the State's case, but excluding it when it is exculpatory or favorable to the defendant. I cannot agree that a trial court has such unfettered discretion, and I would deny rehearing.

HART and NEAL, JJ., join.