# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–16–461

| | |
|---|---|
| LAWANA STOCKSTILL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 25, 2017<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVSION<br>[NO. 60CR-13-1193]<br><br>HONORABLE BARRY SIMS, JUDGE<br><br>AFFIRMED |

### RAYMOND R. ABRAMSON, Judge

A Pulaski County jury convicted Lawana Stockstill of first-degree terroristic threatening and aggravated assault of her former roommate Steven Jackson.[1] She appeals her convictions and argues that the circuit court (1) abused its discretion by admitting Officer David Moore's opinion testimony; (2) abused its discretion by denying her motion for a mistrial; and (3) erred in denying her directed-verdict motion on the charge of first-degree terroristic threatening. We affirm.

At trial, Jackson testified that she and Stockstill had lived together in his house as platonic roommates and that Stockstill had agreed to pay the utility bills in lieu of rent. He explained that on March 8, 2013, he discovered that Stockstill had failed to pay the gas bill;

---

[1] The State also charged Stockstill with second-degree domestic battery. However, the jury acquitted Stockstill of that charge.

so, while she was away from the house, he threw her clothes onto the hallway floor and removed the hinges from her bedroom door. He testified that when Stockstill returned home later that night, she discovered the clothes and the door, became angry, grabbed a kitchen knife, and chased him around the house. He explained that they began to wrestle and she stabbed him in the head, arm, and leg.

During Jackson's testimony, when the prosecutor asked him, "What happened when [Stockstill came] home that night?" Jackson stated,

> When she [came] home that night and [saw] her clothes in the floor and walked into her bedroom she did something and came out, ran toward the kitchen. Well, when she ran toward the kitchen, I knew what she was doing because she has a track record of stabbing.

Stockstill's attorney immediately objected but did not state a specific ground. The court sustained the objection. The prosecutor then advised Jackson, "Let's just talk about what happened that night."

Officer David Moore then testified that he responded to a call and went to Jackson's residence on March 8, 2013, and found the house in disarray with multiple broken items and a large amount of blood on the floor. He stated that he advised Stockstill of her *Miranda* rights and that Stockstill provided him with written and oral statements.

During his testimony, the State asked Officer Moore whether he was "able to determine the aggressor of the situation." Stockstill's attorney objected and argued that Officer Moore's answer would offer an inappropriate opinion. The court overruled his objection. Officer Moore then testified, "From my experience as a police officer, we determined that Stockstill was the aggressor."

Following Officer Moore's testimony, the State offered the testimony of Officer Kari Reed. The State then rested its case. At that time, Stockstill moved for a mistrial based on Jackson's comment that Stockstill had a "track record of stabbing." The court denied the motion. Stockstill's attorney then moved for a directed verdict on the charge of first-degree terroristic threatening.[2] She argued that the State failed to present evidence that she threatened to cause serious physical injury or death to Jackson. The court denied the motion.

Stockstill then testified on her own behalf. She denied threatening to kill or physically injure Jackson and denied purposely cutting or causing injury to Jackson. She stated that she retrieved the knife after Jackson became aggressive with her and that she cut him in self-defense.

Following her testimony, Stockstill renewed her motions for a mistrial and for a directed verdict on the first-degree terroristic-threatening charge. The court denied them. The jury then found Stockstill guilty of aggravated assault and first-degree terroristic threatening and fined her $5,000 for each charge.

Stockstill timely appealed her convictions to this court. On appeal, she argues that the circuit court (1) abused its discretion by admitting Officer David Moore's opinion testimony; (2) abused its discretion by denying her motion for a mistrial; and (3) erred in denying her directed-verdict motion on the charge of first-degree terroristic threatening.

Although Stockstill lists her sufficiency-of-the-evidence argument as her third point on appeal, because of double-jeopardy concerns, we consider challenges to the sufficiency

---

[2] Stockstill also moved for directed verdicts on the domestic-battery charge and the aggravated-assault charge. Those motions are not issues on appeal.

of the evidence before addressing other arguments. *Benjamin v. State*, 102 Ark. App. 309, 285 S.W.3d 264 (2008). A motion for a directed verdict is treated as a challenge to the sufficiency of the evidence. *Woodson v. State*, 2009 Ark. App. 602, 374 S.W.3d 1. When the sufficiency of the evidence is challenged, we consider only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *LeFever v. State*, 91 Ark. App. 86, 208 S.W.3d 812 (2005). The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other. *Id.* On review, this court neither weighs the evidence nor evaluates the credibility of witnesses. *Cluck v. State*, 91 Ark. App. 220, 209 S.W.3d 428 (2005).

Stockstill asserts that the evidence is insufficient to support her conviction of first-degree terroristic threatening because the State offered no evidence that she made a statement to Jackson threatening to cause death, serious physical injury, or substantial property damage. She points to a portion of Jackson's testimony in which he stated that he could not remember what Stockstill said as she chased him with a knife.

A person commits first-degree terroristic threatening if, "[w]ith the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person." Ark. Code Ann. § 5-13-301(a)(1)(A) (Repl. 2013). The statute requires that the defendant intend to fill the victim with intense fright. *Adams v. State*, 2014 Ark. App. 308, 435 S.W.3d 520 (citing *Knight v. State*, 25 Ark. App. 353, 758 S.W.2d 12 (1988)). A terroristic threat need not be explicit or verbal, and there is no requirement that the recipient of the threat actually be terrorized. *Lowry v. State*, 364

Ark. 6, 216 S.W.3d 101 (2005); *Johnson v. State*, 2013 Ark. App. 271. What is prohibited is the communication of a threat with the purpose of terrorizing another person. *Adams*, 2014 Ark. App. 208, 435 S.W.3d 520. In this case, the fact that the State offered no evidence of a verbal statement made by Stockstill is irrelevant. The evidence showed that Stockstill chased Jackson around their home with a knife and stabbed him multiples times. We hold that substantial evidence supports Stockstill's conviction of first–degree terroristic threatening.

Stockstill next argues that the circuit court abused its discretion by admitting Officer Moore's opinion testimony that Stockstill was the aggressor of the altercation. She claims that his testimony was inappropriate because he did not witness the altercation, and the opinion told the jury to find Stockstill guilty.

The decision whether to admit relevant opinion evidence rests in the sound discretion of the circuit court, and the circuit court's ruling will not be reversed absent an abuse of discretion. *Simpson v. State*, 82 Ark. App. 76, 119 S.W.3d 83 (2003) (citing *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998)). Arkansas Rule of Evidence 701 permits lay witnesses to testify in the form of opinions or inferences, as long as those opinions or inferences are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his or her testimony or the determination of a fact in issue. Testimony in the form of an opinion or inference that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Ark. R. Evid. 704 (2016); *Marts*, 332 Ark. 628, 968 S.W.2d 41. Although opinion testimony on the ultimate issue is admissible, if the opinion mandates a legal conclusion or "tells the jury what to do," the

testimony should be excluded. *Marts*, 332 Ark. 628, 968 S.W.2d 41 (citing *Salley v. State*, 303 Ark. 278, 796 S.W.2d 335 (1990)). For example, an opinion by an expert witness in a medical malpractice case that a doctor was not negligent was held to be inadmissible because it did not merely embrace the ultimate issue, but was tantamount to telling the jury what result to reach. *Simpson*, 82 Ark. App. 76, 119 S.W.3d 83 (citing *Gramling v. Jennings*, 274 Ark. 346, 625 S.W.2d 463 (1981)).

In this case, we hold that the circuit court did not abuse its discretion in admitting Officer Moore's testimony that Stockstill was the aggressor. Even though Officer Moore did not witness the altercation, he arrived immediately after the incident, observed the scene and the parties, and took statements from Stockstill. Accordingly, his opinion was based on his own perception. Moreover, his opinion did not mandate a legal conclusion; he did not state that Stockstill was guilty of aggravated assault or terroristic threatening. He merely stated that he determined that Stockstill was the aggressor of the altercation. Accordingly, we hold that the circuit court did not abuse its discretion in admitting Officer Moore's opinion.

Stockstill lastly argues that the circuit court abused its discretion in denying her motion for a mistrial as a result of Jackson's testimony that Stockstill had a "track record of stabbing." The State argues that this argument is procedurally barred because Stockstill failed to move for a mistrial at the first opportunity.

We agree with the State. The law is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000). Similarly, motions for mistrial must be made at the first opportunity. *Id*. The

policy reason behind this rule is that a circuit court should be given an opportunity to correct any error early in the trial. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000) (citing *Marts*, 332 Ark. 628, 968 S.W.2d 41). This court has held that an appellant's motion for a mistrial based upon improper comments made by the prosecutor during opening statement was untimely because it was not made until after the conclusion of the appellant's opening statement. *Dixon v. State*, 310 Ark. 460, 839 S.W.2d 173 (1992). This court reasoned that it was proper to deny a motion for a mistrial when the request was not made at the first opportunity, even though the motion had been preceded by two defense objections sustained by the trial court. *Id*.

In this case, Stockstill's attorney objected to Jackson's comment that Stockstill had a "track record of stabbing," and the court sustained the objection. However, Stockstill did not move for a mistrial until after the State had offered two additional witnesses and rested its case. Accordingly, Stockstill failed to move for a mistrial at the first opportunity, and her argument is not preserved for our review.

Even assuming that Stockstill preserved the argument, the circuit court did not abuse its discretion in denying the motion. A mistrial is an extreme remedy that should not be declared unless there has been error so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected. *Davis v. State*, 330 Ark. 501, 956 S.W.2d 163 (1997). A mistrial is proper only when an error is beyond repair and cannot be corrected by any curative relief. *Taylor v. State*, 77 Ark. App. 144, 72 S.W.3d 882 (2002). The circuit court has wide discretion in granting or denying a motion for a mistrial, and absent an abuse of that discretion, the circuit court's

decision will not be disturbed on appeal. *Moore v. State*, 355 Ark. 657, 144 S.W.3d 260 (2004). Among the factors to consider in determining whether a circuit court abused its discretion in denying a mistrial motion is whether the prosecutor deliberately induced a prejudicial response. *See Thompson v. State*, 2015 Ark. App. 486, 469 S.W.3d 814 (citing *Armstrong v. State*, 366 Ark. 105, 233 S.W.3d 627 (2006)). Further, a counsel's prompt objection to improper testimony may limit prejudice. *See id*. (citing *Shatwell v. State*, 2013 Ark. App. 568, 430 S.W.3d 142).

In this case, it is evident to us that the prosecutor did not attempt to elicit Jackson's statement as improper testimony. Jackson made the statement in response to the prosecutor's question, "What happened when [Stockstill came] home that night?" Moreover, Stockstill's attorney's prompt objection to Jackson's testimony prevented him from explaining the context of the statement. And following the court's ruling on the objection, the prosecutor told Jackson to testify to only what happened that night. Accordingly, the circuit court did not abuse its discretion in denying Jackson's motion for a mistrial.

Affirmed.

GLOVER and MURPHY, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.