Cite as 2021 Ark. App. 80

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–20–259

| | |
|---|---|
| DERRICK DON PITMAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** February 24, 2021<br><br>APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-18-875]<br><br>HONORABLE ROBERT EDWARDS, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Derrick Don Pitman was convicted by a White County jury of rape and aggravated assault on a family or household member. The circuit court followed the jury's recommendation and imposed concurrent sentences of ten years' incarceration for rape and six years' incarceration for aggravated assault on a family member. Appellant's sole argument on appeal is that the circuit court abused its discretion by admitting opinion testimony of Detective Heather Meadows. We affirm.

The following evidence was presented at trial. On the morning of November 29, 2018, appellant's then wife, T.P., began showering in preparation for her first day of work as a newly promoted quality-assurance analyst. Appellant followed her into the shower, beat her, and raped her. Appellant repeatedly struck his wife in the face, slapped her, grabbed her by the hair, and slammed her against the shower wall, causing her to lose consciousness. Straddling T.P. while she was unconscious, appellant pinned her arms behind her back, and, when she awoke, began

strangling her and forcing her head under the streaming water. Appellant then penetrated her vagina and anus with his fingers and "tried himself in [her] mouth."

Although appellant threatened to shoot her if she told anyone what happened, T.P. sought medical treatment at North Metro Hospital for injuries that included a split lip, bruising on her face and eyes, and red marks on her neck. The medical staff reported the assault, and Detective Meadows of the White County Sheriff's Department interviewed the victim and photographed her injuries.

At trial, the circuit court permitted—over appellant's objection—Detective Meadows to give opinion testimony about one of the bruises depicted in photographs of T.P. taken shortly after the attack. Detective Meadows testified that, given her twelve years of experience and hundreds of hours of training in investigating sexual assault and domestic violence, it was her opinion that either extreme pressure from a thumb or something moving back and forth across T.P.'s face caused the bruise.

On appeal, appellant does not contest the sufficiency of the evidence establishing the foregoing facts. After hearing all the evidence, the jury found appellant guilty of rape and aggravated assault on a family member but acquitted him on the charge of introducing a controlled substance, methamphetamine, into T.P.'s body. Appellant's only appellate argument is that the circuit court abused its discretion by admitting Detective Meadows's opinion testimony of the cause of the victim's bruise.

The decision to admit relevant opinion evidence rests in the circuit court's sound discretion, and its ruling will not be reversed absent an abuse of discretion. *E.g.*, *Stockstill v. State*, 2017 Ark. App. 29, at 5, 511 S.W.3d 889, 893. A circuit court's evidentiary ruling also

will not be reversed in the absence of prejudice. *E.g.*, *Marks v. State*, 375 Ark. 265, 269, 289 S.W.3d 923, 926 (2008).

Arkansas Rule of Evidence 701 permits lay witnesses to testify in the form of opinions or inferences as long as those opinions or inferences are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his or her testimony or the determination of a fact in issue. Ark. R. Evid. 701 (2020). Testimony in the form of an opinion or inference that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. *See* Ark. R. Evid. 704; *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998). Although opinion testimony on the ultimate issue is admissible, if the opinion mandates a legal conclusion or "tells the jury what to do," the testimony should be excluded. *Marts*, 332 Ark. 628, 968 S.W.2d 41 (citing *Salley v. State*, 303 Ark. 278, 796 S.W.2d 335 (1990)).

Detective Meadows, who had twelve years of experience and extensive training related to sexual-assault and domestic-violence crimes, was the investigator in this case. As part of that investigation, Detective Meadows photographed T.P.'s injuries. At trial, the State elicited testimony from Detective Meadows about whether, in light of her "training and experience in domestic violence cases," she had an opinion about the cause of "a very large bruise on [T.P.'s] right jaw line." Detective Meadows testified that, from her observations and the victim's statement, the bruise appeared to be the result of a thumb exerting extreme pressure or the result of something going back and forth across her jawline.

The circuit court did not abuse its discretion by admitting this testimony over appellant's objection. And, as the State argues, while the testimony explained Detective Meadows's conclusion about the cause of the bruise, it did not improperly direct the jury to find appellant

guilty of rape and assault. *See, e.g., Johnson v. State*, 2010 Ark. App. 153, at 26–27, 375 S.W.3d 12, 26 (holding that it is not an abuse of discretion to admit an officer's testimony regarding the conclusions reached during an investigation). Detective Meadows's testimony was helpful in the determination of a fact in issue and did not mandate a legal conclusion by the jury. Her testimony about a bruise depicted in photographs that she took of T.P. only hours after the attack was rationally based on her perception of the victim's appearance at that time.

Even though Detective Meadows did not witness the altercation, she interviewed and photographed T.P. shortly thereafter. The Detective's opinion was based on her own perception and background in the field. Moreover, Detective Meadows's opinion did not mandate a legal conclusion; she did not state that appellant was guilty of rape or aggravated assault. She simply stated that, in her opinion, the victim's bruise was caused by extreme pressure to her jawline.

We hold that the circuit court did not abuse its discretion in this case; accordingly, we affirm.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Montgomery Wyatt Hardy, PLC*, by: *James W. Wyatt*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

4