Cite as 2025 Ark. App. 526

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-24-792

| | |
|---|---|
| DRONTEY WALKER | Opinion Delivered October 29, 2025 |
| APPELLANT | |
| | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | [NO. 60CR-22-2332 ] |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE KAREN D. WHATLEY, JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Drontey Walker was found guilty of two counts of aggravated robbery and two counts of theft of property. He was sentenced as a habitual offender to twenty years' imprisonment for each count, to be served concurrently. Appellant argues that the circuit court abused its discretion by admitting the opinion testimony of an eyewitness because it went to the ultimate issue of whether appellant was an accomplice. We affirm.

Appellant's charges stemmed from two separate events that took place in North Little Rock on May 25, 2022. On that day, appellant indicated to Jacore Womack that he wished to purchase a PlayStation Womack was selling through Snapchat. When Womack arrived at the agreed-upon location, he was accosted by several masked men and forced out of his vehicle, a white Mazda 3 sedan. His vehicle was taken along with his PlayStation, wallet,

keys, and cell phone, which the perpetrators forced him to unlock.[1]  Later that day, appellant

had Nicholas Alcoreza meet him under the guise of selling Alcoreza a 2010 Subaru Forrester.

Alcoreza had found the vehicle via Facebook Marketplace.  Appellant allowed Alcoreza to

test drive the vehicle, and when they arrived back to the location, a white Mazda sedan was

parked two spaces from where they parked.  Three armed masked men got out with guns

and ordered Alcoreza to give them his belongings.  The men took his keys, wallet, and phone,

which they had him to unlock.

Appellant's jury trial took place on August 6, 2024.  Alcoreza testified that he met

appellant on May 25, 2022, at a community center in Rose City to test drive the vehicle.  He

stated that he test drove the vehicle for approximately fifteen minutes.  Alcoreza said that

appellant was acting "weird" and telling him to drive the vehicle "faster" and "further away."

He stated that on the way back to the community center, appellant began asking questions

about the cash for the vehicle.  He testified that appellant was texting during this time, and

when they returned to the community center, he saw a white Mazda sedan parked nearby.

He testified that as soon as they parked, three armed, masked men got out of the white sedan

and approached them, pointed their guns at him, and told him to give them everything,

including his cash and cell phone.  He said that appellant jumped out of the car and stood

next to it.  He said that, initially, appellant acted "surprised as if he didn't know what was

happening."  However, Alcoreza stated that as the events unfolded, it "was obvious that

---

[1]Other items located in the vehicle were also taken.

[appellant] was involved with this." He said that after the men took his wallet, watch, phone, and other items and were about to get back into the sedan, appellant screamed, "Get the phone, get the phone unlocked." One of the men subsequently came back, ordered Alcoreza to the ground, and pointed the gun at him and told him to unlock his phone, which he did. Alcoreza was asked whether there was any reason to believe appellant was not working with the masked men. At that point, appellant's attorney objected, citing speculation. The circuit court subsequently allowed Alcoreza to answer but told him to give "just a strict answer and that's it." Alcoreza responded that it was "obvious they were working together." Alcoreza identified appellant as the person he was trying to buy the vehicle from. He testified that appellant and the masked men left in separate vehicles going in the same direction. Alcoreza stated on cross-examination that if he was not mistaken, appellant also had a gun.

Colton Ortego stated that he works glass construction and that he was present at the community center on May 25 waiting for a Bible study to start. He testified that appellant initially approached him, asking if he was there to buy the vehicle, and he told appellant he was not there for the vehicle. Appellant then asked if he liked rap music and when he said yes, appellant showed Ortego his YouTube channel and told Ortego his rapper name, Tay Da Artist. Ortego said that he went into the community center when others from his study group arrived. He testified that he gave appellant's YouTube and rap information to the North Little Rock Police Department (NLRPD).

Sergeant Gary Jones of the NLRPD testified that he was an investigator with NLRPD on the date in question and that he investigated a robbery at the community center located

at 400 Rose Lane. He said that officers were able to determine appellant's real name as a result of the YouTube information given to them by Ortego. He stated that Alcoreza was subsequently able to pick appellant out of a photo lineup during an interview on June 16. He said that during the interview, Alcoreza could not recall whether appellant had a gun.

Officer Shannon Yancy of the NLRPD testified that she answered a call concerning an aggravated robbery involving Womack. She stated that the robbery had taken place at 2101 Finley Drive but that she was called to the Pike Plaza Shopping Center for a report. She said there was no evidence at the scene of the crime, so she only took the report.

Womack testified that he went to North Little Rock on May 25 to sell a PlayStation. He said that he had posted the gaming system on Snapchat, and a former classmate, Ty Clement, said that he would buy it. However, he stated that Ty gave him another number to call—appellant's number. He testified that he arrived at the agreed-upon meeting place, and he could see Ty wearing a mask in the passenger seat and appellant sitting in the driver's seat of a black or very dark blue vehicle. He testified that appellant was not wearing a mask. He said that both appellant and Ty approached his vehicle, and he let down the window to show them the PlayStation. He stated that appellant showed him the money. He said that as appellant was handing him the money, he noticed four or five people approach from behind. They opened his driver's door, patted him down, and told him to get out of the vehicle. He testified that as he was watching the other people, appellant pointed a gun at him and told him to unlock his phone and give it to appellant. He said that appellant and the man who forced him out of the vehicle both had guns. He stated that they stole his

4

wallet, his white 2008 Mazda 3, and everything in the vehicle, including his PlayStation, welding equipment, and two pairs of shoes. He testified that he later identified appellant in a photo lineup.

Detective Jeffrey Coburn of the NLRPD testified that he was assigned to investigate the robbery concerning Womack. He stated that he developed appellant as a suspect, and Womack was able to identify appellant as the person he met to sell his PlayStation.

Appellant unsuccessfully moved for directed verdicts at the conclusion of the State's case. The defense did not put on testimony and unsuccessfully renewed its directed-verdict motions. The jury found appellant guilty as charged and sentenced him to an aggregate term of twenty years' imprisonment. The sentencing order was filed on August 16, 2024. Appellant filed a timely notice of appeal on August 27.

Appellant argues that the circuit court abused its discretion by admitting the opinion testimony of an eyewitness because it went to the ultimate issue of whether appellant was an accomplice. The decision whether to admit relevant opinion evidence rests in the sound discretion of the circuit court, and the circuit court's ruling will not be reversed absent an abuse of discretion.[2] Arkansas Rule of Evidence 701 permits lay witnesses to testify in the form of opinions or inferences, as long as those opinions or inferences are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his or her

---

[2]*Simpson v. State*, 82 Ark. App. 76, 119 S.W.3d 83 (2003) (citing *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998)).

testimony or the determination of a fact in issue. Testimony in the form of an opinion or inference that is otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.[3] Although opinion testimony on the ultimate issue is admissible, if the opinion mandates a legal conclusion or "tells the jury what to do," the testimony should be excluded.[4]

The State contends, and we agree, that appellant never made the argument he now makes on appeal. In order to preserve an argument for appellate review, a party must raise it at trial.[5] Arguments not raised at trial will not be addressed for the first time on appeal.[6] Parties are limited by the scope of their arguments and objections raised before the circuit court and cannot change the ground for objections on appeal.[7] At his trial, appellant's objection to Alcoreza's testimony was based on speculation, not on testimony that went to an ultimate issue, as he now argues on appeal. Because appellant did not make this argument before the circuit court, it is not preserved for our review.

---

[3]Ark. R. Evid. 704 (2024); *Marts, supra.*

[4]*Marts*, 332 Ark. at 642, 968 S.W.2d at 48 (quoting *Salley v. State*, 303 Ark. 278, 283, 796 S.W.2d 335, 33 (1990)).

[5]*Parnell v. State*, 2025 Ark. App. 417.

[6]*Id.*

[7]*Id.*

Even if this argument was preserved, we would affirm. In order to preserve an issue for appeal, a defendant must object at the first opportunity.[8] Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be claimed to be prejudicial.[9] Alcoreza testified, without objection, that it was obvious appellant was involved in the robbery. Appellant did not object until later, when Alcoreza was asked whether he thought appellant was working with the robbers. Appellant failed to object at the first opportunity, and the testimony he did object to was cumulative of evidence already admitted into evidence without objection. Therefore, appellant has waived this issue on appeal, and he has failed to show how he was prejudiced by the introduction of the testimony.

Affirmed.

KLAPPENBACH, C.J., and HARRISON, J., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.

---

[8]*Stockstill v. State*, 2017 Ark. App. 29, 511 S.W.3d 889.

[9]*Burns v. State*, 2024 Ark. App. 329, 690 S.W.3d 133.